## JAMES W. JOHNSTON v. JULIUS WINTER.

**Principal and Surety—Liability.**
> Where goods were purchased by and sold to an unincorporated association, each of the members are liable thereon, and where two members join in a note for the purchase price they will both be considered as principals.

### APPEAL FROM SHELBY COUNTY COURT.

### January 6, 1877.

OPINION BY JUDGE ELLIOTT:

In 1860 some young men in Shelby county voluntarily formed themselves into a military company called the Shelby Guards, and appointed some one or two of the company as their agents to proceed to Louisville and purchase their uniforms, military caps, and other equipments for the company. These members and agents of the company made the purchases, and the company accepted the military equipment so purchased.

At the time of these purchases, or shortly thereafter, John G. Jones was elected captain of the Shelby Guards, and in February, 1861, one of the members of the firm of Julius Winter & Co. visited this company to settle a balance due the firm on account of merchandise furnished the company. He applied to Jones, the captain,

16

and to him presented his account. Jones stepped to one side and presently reappeared in company with appellant, and asked the agent of the firm if appellant and himself would be good to the firm for the debt, and on receiving an affirmative answer he and appellant executed their promissory note for the amount of the account then presented to them.

The goods were charged by the firm of appellee to "the Shelby Guards, Gregg & Hardin," and when Hardin ceased to join in the purchases the goods were charged to "Gregg or Shelby Guards, Simpsonville."

It will therefore be seen that the firm of appellee sought to make the Shelby Guards responsible for the goods sold them, and also the agents of the company who bought the same.

The appellant was sergeant of the company at the time the goods were purchased and also at the time he joined Jones in the execution of the note. Appellant, however, contends that Captain Jones was to pay for equipping his men, and his men were to pay him, which some of them had done. We are of opinion that each member of a voluntary association of gentlemen, such as the Shelby Guards, is responsible for all purchases made by the agents of the company and for the benefit of its members.

As, therefore, the appellant was as much bound for the debt due to appellee as Captain Jones, he must be considered as a principal and not a surety in the note upon which appellee's judgment was recovered, unless by the consent of the firm of appellee or some of its members or agents he, at the time of the execution of said note, was only to be considered as having executed the same as surety of Captain Jones, and the proof in this case does not authorize such a conclusion.

Appellant was originally as much bound for the claim for which the note was executed as Captain Jones, and he signed the note without indicating that he did so as Jones's surety, and no difference what was the understanding between appellant and Captain Jones, still, as between him and appellee, he must be considered as principal; and therefore the lower court held correctly that he was not released from the payment of said judgment by lapse of time. Judgment *affirmed.*

*Bullock & Beckham, for appellant. C. M. Harwood, for appellee.*